**A. LE WU, Sheng Jian Ye, Petitioners,**

**v.**

**Jefferson B. SESSIONS III, United States Attorney General, Respondent.**

**10–2619(L), 11–176(Con)**

United States Court of Appeals, Second Circuit.

October 3, 2017

FOR PETITIONERS: Richard Tarzia, Belle Mead, New Jersey.

FOR RESPONDENT: Tony West, Assistant Attorney General; Emily Anne

Radford, Assistant Director; James A. Hunolt, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

PRESENT: JON O. NEWMAN, DENNIS JACOBS, PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioners A. Le Wu and Sheng Jian Ye, natives and citizens of China,. seek review of (1) a June 16, 2010, decision of the BIA that reversed the decision of an Immigration Judge ("IJ") granting asylum, *In re A. Le Wu, Sheng Jian Ye,* Nos. A093 394 028/029 (B.I.A. June 16, 2010), *rev'g* Nos. A093 394 028/029 (Immig. Ct. N.Y. City Mar. 17, 2009), and (2) a December 17, 2010, decision of the BIA that denied Wu's motion to reopen, *In re A. Le Wu,* No. A093 394 028 (B.I.A. Dec. 17, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 157–58, 168–69 (2d Cir. 2008); *see also Wu Lin v. Lynch,* 813 F.3d 122, 129 (2d Cir. 2016). Petitioners applied for asylum, withholding of removal, and relief under the Convention Against Torture, and Wu later moved to reopen removal proceedings, asserting a fear of persecution based on the birth of their children in the United 2 States purportedly in violation of China's population control program.

For largely the same reasons as this Court set forth in *Jian Hui Shao,* we find no error in the BIA's determination on *de* novo review that Petitioners failed to satisfy their burden of establishing an objectively reasonable well founded fear of persecution. *See* 546 F.3d at 156–73. The letters from Petitioners' relative and friend, claiming to have been forcibly sterilized, were unsworn and lacked any detail as to the force used. *See Jian Hui Shao,* 546 F.3d at 159–66, 170–72; *see also Y.C. v. Holder,* 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to afford little weight to letter that was unsworn and submitted by an interested witness).

The agency did not err in declining to consider evidence Petitioners failed to timely submit before the IJ. *See Dedji v. Mukasey,* 525 F.3d 187, 191–93 (2d Cir. 2008).

For the foregoing reasons, the petitions for review are DENIED.